**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Mark Joseph Rhodes,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV-12-1762-PHX-LOA<br><br>**ORDER** |

This case arises on the Court's review of *pro se* Plaintiff's Complaint and Motion for Leave to Proceed *in forma pauperis*, filed on August 17, 2012. (Docs. 1-2) Upon review of his hand-written Complaint, Plaintiff simply alleges: "I disagree with the action of the Appeals Council. I am asking for court review of the Administrative Law Judge's decision." (Doc. 1) Plaintiff does not specify the issue or issues he is appealing to the District Court of Arizona as a result an apparent adverse ruling at the administrative level of his Social Security claim. A Social Security claimant may not successfully appeal a denial of benefits simply because he lost without clearly setting forth the valid reason(s) why the Administrative Law Judge's ("ALJ") or Appeals Council's decisions were erroneous.

**I. Role of District Court**

Title 42 U.S.C. § 405(g) is the federal statute governing judicial review of any final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g); *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988). "The Commissioner's denial of disability benefits

1 may be set aside only when the ALJ's findings are based on legal error or not supported
2 by substantial evidence in the record. If the evidence can support either outcome, the
3 Commissioner's decision must be upheld." *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th
4 Cir. 2003) (citation omitted);  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)
5 (*per curiam*); *Smolen v. Chater*, 80 F.3d 1273, 1279  (9th Cir. 1996).

6   "District courts have a limited scope of judicial review for disability claims after a
7 decision by the Commissioner to deny benefits under the Act." *Kimzey v. Commissioner*
8 *of Social Sec.*, 2011 WL 1230818, at *1 (E.D. Cal. March 30, 2011). The sole function of
9 this District Court is to determine whether the decision of the Commissioner is supported
10 by substantial evidence and whether proper legal standards were applied. *Clark v. Apfel*,
11 98 F.Supp.2d 1182 (D.Or. 2000); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.
12 1983).  Substantial evidence means more than a mere scintilla, but less than a preponder-
13 ance; it is "such relevant evidence as a reasonable mind might accept as adequate to
14 support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omit-
15 ted); *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The ALJ is responsible for
16 resolving conflicts, determining credibility, and resolving ambiguities.  *Magallanes v.*
17 *Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If sufficient evidence supports the ALJ's
18 determination, a district court cannot substitute its own determination. *Young v. Sullivan*,
19 911 F.2d 180, 184 (9th Cir. 1990). A district court must uphold the Commissioner's
20 determination that plaintiff is not disabled if the Commissioner applied the proper legal
21 standard and there is substantial evidence in the record as a whole to support the decision.
22 *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986).

23 **II. Screening**

24   In cases wherein a plaintiff is proceeding *in forma pauperis*, a district court is
25 required to screen cases and must dismiss the case at any time if the Court determines that
26 the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails
27 to state a claim on which relief may be granted, or seeks monetary relief against a
28 defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Screening IFP cases

1  seeking judicial review of Social Security rulings is also required by § 1915(e)(2). *Rhett*
2  *v. New Jersey State Sup. Ct.*, 260 Fed. Appx. 513 (3rd Cir. 2008); *Wheeler v. Social Sec.*
3  *Admin.*, 2010 WL 3784891 (E.D. Cal. Sept. 24, 2010); *Robinson v. Social Sec. Admin.*,
4  2010 WL 2772626 (E.D. Wis. July 13, 2010).

5        A plaintiff's petition or complaint must provide, among others, "a short and plain
6  statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), Fed.R.
7  Civ.P., which explains, in the context of a Social Security appeal, the legal errors made by
8  the ALJ as well as any decisions made by the ALJ without the support of substantial
9  evidence. *See Duryea v. Social Sec. Admin.*, 2012 WL 1983344, at *3 (D. Ariz. June 4,
10 2012) (citing *Hinton v. Social Sec. Admin.*, 2011 WL 3489663, at *1 (D. Ariz. Aug. 9,
11 2011); *Pizarro v. Social Sec. Admin.*, 2008 WL 220320, at *1 (E.D. Cal. Jan. 25, 2008)).
12 "[A] short and plain statement" must allege the errors the ALJ purportedly made.
13 Plaintiff's allegation that "I disagree with the action of the Appeals Council. I am asking
14 for court review of the Administrative Law Judge's decision[]" fails to give the Commis-
15 sioner fair notice of the alleged error the ALJ and Appeals Council committed and state a
16 claim upon which relief may be granted.28 U.S.C. § 1915(e)(2).

17 **III. Pro Se Cases**

18       Plaintiff is informed that although a *pro se*'s pleadings may be held to a less
19 stringent standard than those prepared by attorneys, *Rand v. Rowland*, 154 F.3d 952, 957
20 (9th Cir. 1998) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), *pro se* litigants
21 must "abide by the rules of the court in which he litigates." *Carter v. Commissioner of*
22 *Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). Moreover, *pro se* litigants "must
23 meet certain minimal standards of pleading." *Holsey v Collins*, 90 F.R.D. 122, 128 (D.
24 Md. 1981) (citing *Arey v Harris*, No. 74-2360 (4th Cir. 1975) (stating that *pro se* litigants
25 "must adhere to the rudimentary dictates of civil procedure.").

26       While this Court recognizes the significant challenges a non-lawyer, *pro se*
27 litigant may have in representing himself, the United States Supreme Court has made
28 clear that federal "judges have no obligation to act as counsel or paralegal to pro se

1 litigants" because requiring trial judges to explain the details of federal procedure or act
2 as the pro se's counsel "would undermine district judges' [or magistrate judges'] role as
3 impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

4     The Court finds that Plaintiff's Complaint fails to state a claim that entitles him to
5 relief because it simply fails to provide how the ALJ erred and the reasoning that, if
6 proven, would entitle him to relief in this District Court. The Court will not dismiss this
7 action at this time, but rather, will order Plaintiff to amend his Complaint to specify the
8 plausible legal error(s) made by the ALJ, in accordance with Fed. R. Civ. P. 8(a).
9 *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*,
10 550 U.S. 544 (2007).  Plaintiff is warned that if he fails to comply with this order, his
11 appeal may dismissed without prejudice. The Court will not grant Plaintiff's Motion for
12 Leave to Proceed *in forma pauperis* until Plaintiff complies with this Order and
13 recommends he obtain the assistance of a lawyer to represent him.

14     Accordingly,

15     **IT IS ORDERED** that on or before **Tuesday, September 18, 2012,** Plaintiff shall
16 file an Amended Complaint, setting forth the alleged legal error made by the ALJ and the
17 reasoning for such legal or factual error in accordance with this Order.

18     **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented,
19 must hereinafter comply with the Rules of Practice for the United States District Court for
20 the District of Arizona, especially LRCiv 16.1 dealing with procedure in Social Security
21 cases.  The District's Rules of Practice may be found on the District Court's internet web
22 page at www.azd.uscourts.gov/.

23     Dated this 31st day of August, 2012.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge

- 4 -