**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Joseph Rhodes,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV-12-1762-PHX-LOA<br><br>**ORDER** |

This case arises on the Court's review of *pro se* Plaintiff's timely-filed Amended Complaint. (Doc. 6)

As explained in the Court's September 4, 2012 Order, a complaint appealing a Social Security ruling to a district court must provide, among others, "a short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. 5 at 3) (citing, among others, Rule 8(a)(2), Fed.R. Civ.P.). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Sheppard v. David Evans and Assoc.*, ___ F.3d ___, 2012 WL 3983909 (9th Cir. Sept. 12, 2012). In the context of a Social Security appeal, a claimant may set aside the Commissioner's denial of disability benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). If the evidence can support either outcome, the Commissioner's decision must be upheld."

1  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted). ("Although
2  this standard requires that a claim be plausible on its face, it does not require that a
3  complaint contain detailed factual allegations.") (quoting *Iqbal*, 556 U.S. at 678) (internal
4  quotation marks  omitted).

5      Fairly reading the *pro se* Amended Complaint, Plaintiff raises two issues of error
6  on appeal: 1) the Administrative Law Judge ("ALJ") based his decision to deny disability
7  benefits to Plaintiff on someone else's medical records, not Plaintiff's, doc. 6 at 2; and 2)
8  the ALJ failed to allow Plaintiff to make a closing statement, contrary to "[20] CFR §
9  405.351," doc. 6 at 3. Nevertheless there is a major, potentially case-dispositive,
10 deficiency in the Amended Complaint.

11     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a
12 claim for relief must contain a "a short plain statement of the grounds for the court's
13 jurisdiction." *See* Fed.R.Civ.P. 8(a)(1). Under the Social Security Act, the only avenue for
14 judicial review is 42 U.S.C. § 405(g), which requires exhaustion of administrative
15 remedies "as a jurisdictional prerequisite" before a district court may consider a Social
16 Security appeal. *Medeiros v. U.S. Social Sec. Admin.*, 2012 WL 629152, at *3 (D. Haw.
17 Jan. 3, 2012) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 327–30 (1976)). Judicial
18 review is only available after "any final decision of the Commissioner of Social Security
19 made after a hearing." *Id.* (quoting *Bass v. Soc. Sec. Admin*, 872 F.2d 832, 833 (9th Cir.
20 1989)). An ALJ's "[d]ecision does not become final until the plaintiff requests review
21 before an Appeals Council, and the Appeals Council either grants or denies review." *Id.*
22 (citing 20 C.F.R. § 404.900).

23     Title 42 U.S.C. § 405(g) mandates that a claimant seeking judicial review of the
24 Secretary's final administrative decision is required to file such action with the court
25 "within sixty (60) days after the mailing to him of notice of such decision or within such
26 further time as the Secretary may allow." 42 U.S.C. § 405(g); *see also Lawson v. Astrue*,
27 2010 WL 2594938, at *1 (W.D. Wash. June 24, 2010). "By regulation, the Secretary has
28 required that any civil action be filed within sixty (60) days of receipt of the notice."

1 *Lawson*, 2010 WL 2594938, at *1 (citing 20 C.F.R. § 422.210(c)). "The date of receipt is
2 presumed to be five days after the date of notice, unless there is a reasonable showing to
3 the contrary." *Id.* (citing 20 C.F.R. § 422.210(c)). "Any action seeking review of a final
4 decision of the Commissioner of Social Security must be commenced within sixty days
5 after the mailing of the notice of such decision."*Anthes v. U.S.*, 214 Fed.Appx. 694 (9th
6 Cir. 2006) (42 U.S.C. § 405(g)).

7 There is no reference in the Amended Complaint when the Secretary's final
8 administrative decision became final nor is there attached to the Amended Complaint the
9 Appeals Council's mailed notice of its final decision to Plaintiff for the Court to deter-
10 mine whether the District Court of Arizona has jurisdiction over Plaintiff's appeal. The
11 Court is unable to independently determine whether it has jurisdiction over this appeal.

12 District courts have a duty to determine the existence of subject matter jurisdiction
13 over an action *sua sponte*. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360
14 F.3d 960, 966-67 (9th Cir. 2004). Lack of federal jurisdiction cannot be waived or be
15 over-come by agreement of the parties. *Id*.  However, because Plaintiff is appearing *pro*
16 *se* in this action and is entitled to notice of the Amended Complaint's deficiency
17 regarding jurisdiction, the Court will give Plaintiff one last opportunity to amend his
18 complaint prior to dismissal of this action to set forth "a short plain statement of the
19 grounds for the court's jurisdiction."  *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir.
20 2000); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); Fed.R.Civ.P. 8(a)(1).

21 Accordingly,

22 **IT IS ORDERED** that on or before **Friday, October 5, 2012,** Plaintiff shall file a
23 Second Amended Complaint, setting forth a short plain statement of the grounds for the
24 court's jurisdiction. Absent a showing of good cause, the failure to timely file a Second

25
26 / / /
27 / / /
28 / / /

- 3 -

1 Amended Complaint, establishing the District Court of Arizona has jurisdiction over this
2 appeal, this action will be dismissed with prejudice.
3       Dated this 21st day of September, 2012.

*[signature]*

Lawrence O. Anderson
United States Magistrate Judge