**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Mark Joseph Rhodes,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of the Social Security Administration,<br><br>　　　　Defendant. | No. CV-12-1762-PHX-LOA<br><br>**ORDER** |

This case arises on the Court's review of *pro se* Plaintiff's Second Amended Complaint, timely filed on October 5, 2012. (Doc. 8)  Because a district court is required to give some guidance to a *pro se* plaintiff regarding the deficiencies in his complaint, the undersigned Magistrate Judge will explain Plaintiff's pleading deficiency for the last time. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988) ("We do not, of course, require the district court to act as legal advisor to the plaintiff.") (citation omitted); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

While a significant improvement over his two prior complaints, Plaintiff's Second Amended Complaint still lacks sufficient specificity to comply with prior Court orders and Rule 8(a)(2), Fed.R.Civ.P., which mandates "a short and plain statement of the claim showing that the pleader is entitled to relief." (Docs. 5, 7)  Plaintiff's allegation that "[t]he decision of the Administrative Law Judge was erroneous, not supported by substantial evidence in the record, and/or contrary to law[]" are simply legal conclusions. (Doc. 8, ¶ 9 at 2) Plaintiff's conclusory allegations fail to give the Commissioner fair notice of the

1  alleged error(s) the Administrative Law Judge ("ALJ")  committed in denying benefits to
2  Plaintiff and, therefore, does not state a claim upon which relief may be granted under the
3  Federal Rules of Civil Procedure. "[C]onclusory allegations of law and unwarranted
4  inferences are insufficient" to state a claim that the ALJ erred and Plaintiff is entitled to
5  relief. *Caviness v. Horizon Cmty Learning Ctr, Inc*., 590 F.3d 806, 812 (9th Cir. 2010)
6  (citation omitted).
7      Following the Supreme Court's decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S.
8  544 (2007) and *Ashcroft v. Iqbal*,  556 U.S. 662 (2009), a federal district court must
9  determine if a complaint's well-pleaded factual allegations state "a plausible claim for
10 relief[,]" even when reviewing a *pro se* complaint. *Iqbal*,  556 U.S. at 679; *see also*
11 *Bargas v. Astrue*, 2012 WL 4829320, at *2 (E.D. Cal. Oct. 10, 2012) (*pro se* Social
12 Security complaint dismissed because it had not "identified any errors in any decision
13 rendered by an Administrative Law Judge[.]"); *Benson v. Commissioner*, 2011 WL
14 3667439, at *2 (E.D. Cal. Aug. 22, 2011) (*pro se* complaint dismissed because it "failed
15 to identify with specificity how the Commissioner of Social Security erred when denying
16 his application."); *Duryea v. Social Sec. Admin*., 2012 WL 1983344 (D. Ariz. June 4,
17 2012). Detailed factual allegations are not required, but "[t]hreadbare recitals of the
18 elements of a cause of action, supported by mere conclusory statements, do not suffice."
19 *Iqbal*, 556 U.S. at 678.
20     Plaintiff is also informed that he cannot refer to a prior pleading in order to make
21 Plaintiff's amended complaint complete. The District Court of Arizona's Rule of Practice
22 ("Local Rule" or "LRCiv") 15.1 requires an amended pleading not incorporate by refer-
23 ence any part of a preceding pleading, including exhibits attached to that pleading. In
24 other words, an amended complaint must be complete unto itself without reference to any
25 prior pleading. This is required because an amended complaint supersedes all prior
26 complaints. *See Forsyth v. Humana, Inc*., 114 F.3d 1467, 1474 (9th Cir. 1997); *Loux v.*
27 *Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (An "amended complaint supersedes the original,
28 the latter being treated thereafter as non-existent."). Once a plaintiff files an amended

complaint, prior complaints no longer serve any function in the case. Thus, Plaintiff's Third Amended Complaint must be complete unto itself and include exhibits Plaintiff wishes to attach thereto.

The Court will grant Plaintiff one last opportunity to amend his complaint to cure the pleading deficiency in Plaintiff's Second Amended Complaint. "The Court's patience, however, is not inexhaustible[,]" despite Plaintiff's *pro se* status. *See Baughman v. Interval Intern., Inc.*, 2010 WL 3328263, at *2 (D. Ariz. Aug. 24, 2010). Failure to cure the pleadings' deficiencies in the prior complaints will result in dismissal of this action without leave to amend.

Accordingly,

**IT IS ORDERED** that on or before **Monday, October 29, 2012,** Plaintiff shall file a Third Amended Complaint, setting forth, among all other Rule 8(a), Fed.R.Civ.P., pleading requirements, a short and plain statement of the claim showing that Plaintiff is entitled to relief, *i.e.*, identifying with specificity the ALJ's findings which constitute legal error or were not supported by substantial evidence in the record. *See Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) ("The Commissioner's denial of disability benefits may be set aside only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record."). Absent a showing of good cause, the failure to timely file a Third Amended Complaint, alleging all Rule 8(a) pleading requirements, this action will be dismissed with prejudice.

Dated this 15th day of October, 2012.

Lawrence O. Anderson
United States Magistrate Judge

- 3 -